Filed 2/8/22  P. v. Vaca CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN CHRISTOPHER VACA,<br><br>    Defendant and Appellant. | H047346<br>(Santa Clara County<br>Super. Ct. No. 199877) |

## I.    INTRODUCTION

In 1998, defendant Bryan Christopher Vaca was convicted by jury of second degree murder (Pen. Code, § 187)[1] and attempted murder (§§ 664, subd. (a), 187).  The jury also found true allegations that he personally used a deadly and dangerous weapon in the commission of each offense (§ 12022, subd. (b)(1)).  In a second phase of the trial, the jury found that defendant was legally sane when he committed the offenses.  Defendant was sentenced to 24 years to life in prison.  This court affirmed the judgment on direct appeal.  (*People v. Vaca* (August 9, 2000, H019100) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing under a prior version of section 1170.95, which allowed individuals convicted of felony murder or murder under the natural and probable consequences doctrine to petition the superior court to vacate the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

conviction based on changes in the law. After appointing defendant counsel and receiving briefing from the parties, the trial court denied the petition.

Defendant filed a notice of appeal from the trial court's order denying his section 1170.95 petition. Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raises no issues but asks this court to conduct an independent review of the record. We notified defendant that he may submit written argument on his own behalf within 30 days. That period has elapsed, and we have received no response from defendant.

## II. DISCUSSION

California law entitles a defendant to a first appeal of right from his or her conviction (§ 1237, subd. (a); *People v. Kelly* (2006) 40 Cal.4th 106, 117 (*Kelly*)), and a defendant has the constitutional right to the effective assistance of counsel in that appeal (*Evitts v. Lucey* (1985) 469 U.S. 387, 396). Thus, when counsel in a first appeal of right notifies the appellate court that there are no arguable issues, the court must conduct an independent review of the record to protect the defendant's right to effective assistance of counsel. (*Kelly*, *supra*, at pp. 118-119; *In re Sade C.* (1996) 13 Cal.4th 952, 978; see *Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500 (*Serrano*).) However, "[b]oth the United States Supreme Court and the California Supreme Court have concluded that due process does not require [independent] review [of the record] other than in the first appeal of right." (*Serrano*, *supra*, at p. 500.)

The instant appeal originates from a postconviction proceeding and not a first appeal of right, and therefore defendant is not entitled to have this court independently review the record to determine whether there are any arguable issues. (See *Serrano*, *supra*, 211 Cal.App.4th at pp. 500, 501, 503.) As appointed counsel has not raised an arguable issue regarding the trial court's order and defendant has not filed a supplemental brief, we shall dismiss the appeal. (See *id.* at pp. 503-504; see also *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1029, 1040 [appellate court dismissed appeal from denial of

2

§ 1170.95 petition without conducting independent review, where appointed counsel filed *Wende* brief and defendant did not file supplemental brief], review granted Oct. 14, 2020, S264278; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130 [same], review granted Mar. 17, 2021, S266853; *People v. Figueras* (2021) 61 Cal.App.5th 108 [same], review granted May 12, 2021, S267870; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files *Wende* brief in appeal from denial of a § 1170.95 petition, an appellate court "is not required to independently review the entire record, but the court can and should do so in the interests of justice"]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [same].)[2]

### III.    DISPOSITION

The appeal is dismissed.

---

[2] The following issues are currently pending before the California Supreme Court in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305:  "(1) What procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit?  (2) Are defendants entitled to notice of these procedures?" (<https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2337734&doc_no=S266305&request_token=NiIwLSEmPkw9WzBFSyM9XEJJQEw0UDxTJSM%2BSzpSICAgCg%3D%3D> [as of Feb. 8, 2022], archived at: <https://perma.cc/8SRY-E5LA>.)

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
GROVER, J.

_____
DANNER, J.

*People. v. Vaca*
**H047346**